

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

November 7, 1988

Mr. Bryan M. Perot
Executive Officer
Polygraph Examiners Board
P. O. Box 4087
Austin, Texas     78773

Opinion No. JM-976

Re:  Effect of federal Employee
Polygraph Protection Act on
application of Texas Polygraph
Examiners Act  (RQ-1485)

Dear Mr. Perot:

You request advice about the impact of the Employee Polygraph Protection Act of 1988, 29 U.S.C. §§ 2001-2009, on the responsibilities of the Polygraph Examiners Board in administering the Texas Polygraph Examiners Act, article 4413(29cc), V.T.C.S.

The Employee Polygraph Protection Act of 1988 is a federal statute which will go into effect in December of 1988, shortly before the expiration date of Texas polygraph licenses.  V.T.C.S. art. 4413(29cc), § 17 (license shall be renewed annually); Tex. Polygraph Ex. Bd., 13 Tex. Reg. 831 (1988), adopted, 13 Tex. Reg. 2163 (1988) (amending 22 T.A.C. § 395.13) (renewal date is December 31).  Your questions relate to the effect of this legislation on the license renewal process which your board administers.  The federal act generally prohibits private employers from using polygraph tests on employees or prospective employees. There are limited exceptions to this prohibition, some of which are available only if the polygraph examiner complies with certain statutory requirements.

The Act prohibits private employers engaged in commerce or in the production of goods for commerce from requiring any employee or prospective employee to take a lie detector test.  29 U.S.C. § 2002.  The term "lie detector" is defined to include the following:

> a polygraph, deceptograph, voice stress analyzer, psychological stress evaluator, or any other similar device (whether mechanical or electrical) that is used, or the results of which are used, for the purpose of

>rendering a diagnostic opinion regarding  the
>honesty or dishonesty of an individual.

Id. § 2001(3).    A polygraph  is one  kind of  lie  detector
subject  to  the  prohibition  of  this  statute.   See  id.
§ 2001(3) (defining "polygraph").

The Employee Polygraph Protection Act does not apply to
employees of the United States,  any state or local  govern-
ment, or any political subdivision.  Id. § 2006.  Exemptions
permit the federal government  to administer a lie  detector
test to contractors with  the  Federal Bureau of  Investiga-
tion and several agencies with responsibilities in the  area
of national defense  or national  security.  Id. § 2006(b),
(c). Other exemptions lift  the prohibition against the  use
of  polygraph  examinations  on  employees  or  prospective
employees by (1)  a private employer  engaged in an  ongoing
investigation involving  economic  loss  or  injury  to  the
business,  (2)  a  private  employer  in  the  business  of
providing specified  security services,  and (3)  a  private
employer authorized to manufacture, distribute, or  dispense
controlled substances.   Id. § 2006(d)-(f).   Each of  these
exceptions permits only the use of polygraphs, not other lie
detector tests, and each is circumscribed by limitations set
out in the statute.

The   Employee   Polygraph   Protection   Act    states
restrictions on the  use of  the exemptions,  some of  which
relate to the  polygraph examiner's  qualifications and  his
duties during the examination.  Id. § 2007.  The  exemptions
for private employers are not available unless the polygraph
examination is  conducted  in accordance  with  requirements
directed at  protecting  the  examinee's  rights.   The  act
restricts the kinds  of questions that  the examinee may  be
asked and permits  him to  terminate the test  at any  time.
The examiner may not conduct the test if there is sufficient
written  evidence  by  a  physician  that  the  examinee  is
suffering from  a  medical  or  psychological  condition  or
undergoing treatment  that  might cause  abnormal  responses
during the testing.  Id. § 2007(b)(1)(A)-(D).  The  examiner
shall not  ask  any question  which  was not  given  to  the
examinee in  writing  for  review prior  to  the  test.  Id.
§ 2007(b)(2)(E), (3).   The examiner  may not  conduct  more
than five polygraph tests a day  or conduct a test for  less
than a 90-minute period.  Id. § 2007(b)(5).

The Employee's Polygraph Protection Act also makes  the
exemptions  for  private  employers  contingent  upon   the
polygraph  examiner's  compliance  with  the   following
provisions on qualifications and requirements:

(c) . . . The exemptions provided [for certain private employers] under subsections (d), (e), and (f) of section 7 [29 U.S.C. §§ 2006(d)-(f)] shall not apply unless the individual who conducts the polygraph test satisfies the requirements under the following paragraphs:

(1)  Qualifications.--The examiner--

(A) has a valid and current license granted by licensing and regulatory authorities in the State in which the test is to be conducted, if so required by the State; and

(B) maintains a minimum of a $50,000 bond or an equivalent amount of professional liability coverage.

(2) Requirements.--The examiner--

(A) renders any opinion or conclusion regarding the test--

(i) in writing and solely on the basis of an analysis of polygraph test charts,

(ii) that does not contain information other than admissions, information, case facts, and interpretation of the charts relevant to the purpose and stated objectives of the test, and

(iii) that does not include any recommendation concerning the employment of the examinee; and

(B) maintains all opinions, reports, charts, written questions, lists, and other records relating to the test for a minimum period of 3 years after administration of the test.  (Emphasis added.)

Id. § 2007(c).    A   polygraph   examiner   may   disclose information acquired from a polygraph test only to specified persons and entities.  Id. § 2008.  Finally, the federal act states as follows:

> Except as  provided  in  subsections  (a),
> (b), and (c) of section 7 [29 U.S.C. § 2006],
> this Act shall not  preempt any provision  of
> any State or local  law or of any  negotiated
> collective     bargaining     agreement     that
> prohibits  lie  detector  tests  or  is  more
> restrictive  with  respect  to  lie  detector
> tests than any provision of this Act.

Id. § 2009.    The  subsections  of  section  7  referred  to provide  for  the  exemptions  for  governmental  employees, contractors with  national  security  and  national  defense agencies,  and   contractors  with  the  Federal  Bureau  of Investigation.

You first ask whether the Employee Polygraph Protection Act of 1988  will alter your  renewal process regarding  the state's bond or insurance requirement.  The Texas  Polygraph Examiners Act provides that an applicant for a license  must furnish the board  evidence of  a surety  bond or  insurance policy in  the sum  of  $5,000.  V.T.C.S.  art.  4413(29cc), § 8(b).  The bond or insurance policy is to provide for  the payment to the extent  of its face  amount of all  judgments recovered against the  licensee because of  any wrongful  or illegal acts committed by him in the course of his  examina-tions.  Id.  A board rule requires that the bond or insurance policy remain in  force as a  condition to continued  licen-sure.  Tex.  Polygraph Ex.  Bd., 13  Tex. Reg.  831  (1988), supra.

The federal  statute  requires  a $50,000  bond  or  an equivalent amount  of  professional  liability  coverage  of polygraph examiners who test employees of private  employers under the exemptions found in 29 U.S.C. § 2006(d), (e),  and (f).   A  licensed  polygraph  examiner  who  never   tests employees under those exemptions will not need to maintain a $50,000 bond or the  equivalent in liability coverage.   The federal  statute  does  not  change  the  requirements   for licensing as a polygraph examiner under Texas law.  Instead, it effectively  prevents licensed  polygraph examiners  from testing employees  or prospective  employees for  a  private employer, except  as  permitted under  the  exemptions,  and imposes additional requirements on an examiner who  conducts an examination permitted by an exemption.

The individual polygraph examiner must therefore decide whether he wishes to be qualified to test employees and prospective employees of private employers under the exemptions, and if so, he must secure a $50,000 bond or equivalent liability coverage. The federal legislation does not change the authority of the Polygraph Examiners Board to issue or renew a license for an applicant who provides evidence of a surety bond or insurance policy in the sum of $5,000.

You next ask what is meant by the underlined language of the following provision of the federal statute:

> (B)   maintains a minimum of a $50,000 bond or an equivalent amount of professional liability coverage.  (Emphasis added.)

29 U.S.C. § 2007(c)(1)(B).

You correctly suggest that this language refers to an insurance policy. "Coverage" is the sum of risks which an insurance policy covers. See, e.g., Seabaugh v. Sisk, 413 S.W.2d 602, 606 (Mo. App. 1967); Freimuth v. Glens Falls Ins. Co., 314 P.2d 468, 471 (Wash. 1957); D'Angelo v. Cornell Paperboard Products, Co., 207 N.W.2d 846, 849 (Wis. 1973); Webster's New International Dictionary 613 (2d ed. 1947).

You also ask what conditions should be placed on the obligor according to such policy. The statute provides that the Secretary of Labor shall issue rules and regulations necessary or appropriate to carry out the Act. 29 U.S.C. § 2001 (note). The regulations may answer your question about the conditions placed on the obligor. We can provide only general guidance on this matter, and any suggestions we make must be reevaluated when regulations are issued.

Professional and occupational liability insurance policies are issued to professional or business people to insure against error, mistake, or omissions. 43 Am. Jur. 2d Insurance § 726. Such policies may exclude coverage for an undertaking in violation of law. Id.; Annot., 33 ALR 4th 14, § 5 (1984).

The House Conference Report on the Employee Polygraph Protection Act stated that the enforcement provisions were not intended to limit private actions being brought under current law and that nothing in the Act was intended to limit the courts in granting any and all remedies currently available. H.R. Conf. Rep. No. 659, 100th Cong., 2d Sess.

reprinted in 1988 U.S. Code Cong. & Admin. News 749, 752. The federal statute imposes specific duties on a polygraph examiner who tests an employee or prospective employee for a private employer under one of the section 7 exemptions. The purpose of the professional liability insurance policy may be to pay damages arising from the polygraph examiner's errors, mistakes, or omissions in giving such examinations, in particular, errors, mistakes, and omissions with respect to the requirements imposed upon him by the statute.

You finally ask whether the Polygraph Examiners Board is required to enforce the conditions set forth in the federal Act, and you refer us to provisions codified at 29 U.S.C. §§ 2004, 2005. Section 2004 empowers the Secretary of Labor to make investigations and gives him subpoena authority. He is also directed to cooperate with state agencies to aid in carrying out the purposes of the Act. Section 2005 authorizes the Secretary to seek civil penalties from an employer who violates any provision of the Act and to bring an action to restrain violations thereof. It also allows a private civil action against an employer who violates the Act by the employee or prospective employee affected by such violation. Neither of these sections permit or require enforcement by the Polygraph Examiners Board.

The conditions which the federal legislation imposes on polygraph examiners who conduct examinations under the exemptions in section 7 may, however, be relevant to disciplinary actions by the Board.

Several of the grounds for disciplining a licensee relate solely to violations of the Polygraph Examiners Act, but, in particular cases, a licensee's disregard of conditions required under federal law might demonstrate "unworthiness or incompetency to act as a polygraph examiner." V.T.C.S. art. 4413(29cc), § 19(7). Moreover, some of the conduct which would violate requirements imposed upon a polygraph examiner by the federal act could also violate provisions of the Texas statute and thus provide grounds for disciplining a licensee. See id. § 19(13) (violating confidentiality provision of state law). The Board has, however, no direct authority to enforce the federal law.

### S U M M A R Y

The Employee Polygraph Protection Act of 1988, a federal statute effective in December of 1988, prohibits private employers from requiring employees or prospective employees to take lie detector

tests, except where permitted by the exemptions set out in the Act. The federal statute will not change the amount of the bond or insurance coverage required for issuance or renewal of a license under the Texas Polygraph Examiners Act. V.T.C.S. art. 4413(29cc). However, a licensed polygraph examiner may not conduct examinations of employees or prospective employees for private employers under the exemptions to the federal Act unless he complies with the conditions set out therein, including the requirement that he maintain a $50,000 bond or an equivalent amount of professional liability insurance. The Board of Polygraph Examiners has no authority to enforce the federal law, although a polygraph examiner's conduct in violation of its provisions might in some cases provide grounds for the board's bringing a disciplinary action against him.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General